UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANDEVER ELECTRICAL CONSTRUCTION,
CORP., et al.,

                         Plaintiffs,                    **ORDER**
          -against-                          CV 12-1371 (SJF)(ARL)

UNITED HEALTH CARE, INC., et al.,

                         Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiffs' May 16, 2012 letter application seeking leave from the court to (i) file an amended complaint redacting the names of the parents and child in both the caption and complaint and replacing them with initials; (ii) amend the Stipulation electronically filed May 4, 2012 as Document No. 4; and (iii) seal the original complaint electronically filed March 20, 2012, in order for the minor plaintiff to proceed anonymously in this matter. Defendants consent and join in this application.

       Fed. R. Civ. P. 5.2(a) provides that in an electronic or paper filing with the court that, inter alia, contains the name of an individual known to be a minor, the filer may include in lieu thereof only the minor's initials. *See* Fed. R. Civ. P. 5.2(a)(3).  Here, however, counsel for the minor plaintiff filed this case in the full name of the minor in the caption and throughout the complaint, and therefore has waived the protection of Rule 5.2(a). *See* Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.").  That being said, the Advisory Committee Notes to Rule 5.2(h) acknowledges that an inadvertent failure to redact or seal may be remedied upon motion to the court. *See* Rule 5.2(h) Advisory Committee Notes ("If a person files an unredacted identifier by mistake, that person may seek relief from the court.").

       Although there has been a delay of approximately two months from the filing of the original complaint to the instant application, given the interest in protecting the privacy of a minor and the availability of Rule 5.2, the application to amend the caption, complaint and stipulation to redact the full name of the minor and designate the minor by initials in filings made with the court is granted.  The application to redact the names of the parents is denied.  No justification has been provided to conceal their identities.  Moreover, inasmuch as "only one party may act in a representative capacity with respect to an infant . . . who comes before the court," *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 650 (2d Cir. 1999); *see Rogriguez v. City of New York*, Nos. 10-CV-4661; 11-CV-1683 (JG)(SMG), 2011 WL 2259745, at *1 (E.D.N.Y. June 6, 2011), the complaint in this case should be amended accordingly to comply with the case law.  Finally, all future filings in an electronic or paper filing with the court shall include only the initials of the minor.

       With respect to the prior documents filed with the court that contain the name of the

minor, viz. Document Nos. 1, 4, 7, 8, and 9, the Clerk of the Court is directed to restrict access to these documents to the case participants. The parties are directed to refile Document Nos. 4, 7, 8 and 9 with amended captions.

In addition, the Clerk of the Court is directed to redact the caption of the case on the court's electronic filing system and designate the minor only with the minor's initials as required by the E-Government Act of 2002 and Rule 5.2.


Dated: Central Islip, New York                      **SO ORDERED:**
      May 22, 2012

                                       _____/s/_____
                                        ARLENE R. LINDSAY
                             United States Magistrate Judge